# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2011

No. 11-20020
Summary Calendar

Lyle W. Cayce
Clerk

ALLEN MILLER,

Plaintiff-Appellant

v.

DAVID GRAHAM, Deputy, Harris County; TOMMY THOMAS, Sheriff; KEN
MAGDESEN, Harris County District Attorney; NAME UNKNOWN, Assistant
District Attorney; NAME UNKNOWN, Assistant District Attorney; STARK
TRANSPORTATION; JOHN STARK, Official and Individual Capacity; AMY
STARK, Official and Individual Capacity; TIFFANY WATKINS, Stark
Employee, Official and Individual Capacity; SCOTTY WILSON, Stark Employee,
Official and Individual Capacity; WENDY WILSON, Stark Employee, Official
and Individual Capacity; FRANCISCO SALINAS, Pii NorthAmerica Employee,
Official and Individual Capacity; ROBERT RAMIREZ, Pii NorthAmerica
Employee, Official and Individual Capacity; PII NORTHAMERICA; RUSSELL
STARK,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3844

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-20020

Allen Roy Miller, Texas prisoner # 1569565, filed a 42 U.S.C. § 1983 complaint seeking $3,000,000 in actual damages and $12,000,000 in punitive damages for, among other things, unlawful arrest, malicious prosecution, false imprisonment, conspiracy, and retaliation. Miller, a truck driver for Stark Transportation, picked up a load of equipment from PII NorthAmerica, one of Stark Transportation's clients. Miller alleged that he was told by Stark Transportation employees to deliver the equipment in violation of trucking regulations and to falsify his log book. Miller alleged that he refused to do so and that Stark employees submitted false information that he had stolen the truck and the equipment it contained to the Harris County Sheriff's Office. Miller was arrested for theft of over $200,000. The theft charge was dismissed without prosecution.

The district court ordered Miller to submit a more definite statement. Harris County Deputy David Graham, the officer who had arrested Miller, moved to dismiss the complaint against him. The district court entered an order converting the motion to dismiss into a motion for summary judgment and ordered Graham to supplement the motion and Miller to respond. Miller moved to amend his complaint and Graham opposed the motion.

The district court considered the matter and found that Miller had failed to raise a genuine question of material fact that Graham violated the constitution related either to the obtaining of the arrest warrant, the arrest, or the subsequent prosecution and that Graham was entitled to qualified immunity. The district court dismissed the claims against the Sheriff and the defendants connected to the District Attorney's Office because Miller failed to allege any personal involvement in the incidents related to the complaint. The district court dismissed the charges against the defendants connected to Stark Transportation and PII NorthAmerica because they were not state actors. Because Miller failed to state any federal violations, the district court dismissed

2

his state law claims without prejudice.  The district court also denied Miller's motion to amend his complaint.

We review the grant of a motion for summary judgment de novo, applying the same standards as the district court.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  "In the context of a party asserting immunity in a summary judgment motion, [t]he moving party is not required to meet its summary judgment burden for a claim of immunity."  *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks and citation omitted).  In the summary judgment context, a government official need only plead qualified immunity, which then shifts the burden to the plaintiff.  *Id.*; *Gates v. Tex. Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008).  A nonmovant cannot satisfy his summary judgment burden "with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."  *Hathaway*, 507 F.3d at 319 (internal quotation marks and citation omitted).

Miller argues that the district court erred in granting summary judgment in favor of Graham's assertion of qualified immunity.  Miller argues that he was arrested without probable cause because Graham intentionally submitted false information to the magistrate to secure the arrest warrant.  Miller has not overcome Graham's assertion of qualified immunity because he presented nothing but conclusory allegations and unsubstantiated assertions to support his claim that Graham knowingly deceived the magistrate to secure an arrest warrant.  *See Hathaway*, 507 F.3d at 319.

Section 1983 authorizes suits against any person who acts under color of state law to deprive another of a constitutionally protected federal right.  Miller argues that the district court erred in dismissing the complaint against the defendants connected to Stark Transportation and PII NorthAmerica because they were not state actors.  Miller is correct in his argument that a private individual may be deemed to act under color of law in certain circumstances, such as when a person conspires with state actors.  *Adickes v. S.H. Kress & Co.*,

398 U.S. 144, 152 (1970). Miller has presented no specific facts showing an agreement between the private defendants and any state actor in this case.

A district court may decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 395 (5th Cir. 1992). When a district court exercises its discretion and dismisses the state-law claims, it must do so without prejudice so that the plaintiff may refile in the appropriate state court. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). Miller argues that the district court should not have dismissed his state-law claims. Miller has not shown any abuse of discretion.

We note that the Final Judgment of November 18, 2010, dismisses the entire case with prejudice. In the Memorandum and Order entered the same day, the district court stated it would dismiss the state law claims without prejudice. An amended judgment can be entered on remand reflecting the without-prejudice dismissal of the state law claims. Fed. R. Civ. P. 60(a).

Miller argues that the district court erred in denying his motion to amend his complaint after the defendant answered. The decision to deny leave to amend in this case is reviewed for abuse of discretion. *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997). Miller has not shown on appeal how the amendment would have made any difference to the outcome of the case and has not shown that the district court abused its discretion in denying the motion to amend.

Finally, Miller has moved to strike Graham's brief because it was not timely filed. This court granted Graham an extension of time in which to file his brief. Miller's motion is denied.

AFFIRMED; MOTION DENIED; REMANDED for entry of amended judgment.